Jeffrey G. Sheldon (SBN 67516)
jsheldon@cislo.com
Katherine M. Bond (SBN 263020)
kbond@cislo.com
**CISLO & THOMAS LLP**
12100 Wilshire Blvd., Ste. 1700
Los Angeles, CA 90025
Telephone: (310) 979-9190

Attorneys for Plaintiff
SAN ANTONIO WINERY, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN ANTONIO WINERY, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>F.E. BRANDS, LLC, a Nevada limited liability company, FAIRWINDS ESTATE WINERY, LLC, a Nevada limited liability company and DOES 1-10.<br><br>Defendants. | Case No. 2:23-cv-01117<br><br>COMPLAINT FOR DAMAGES AND INJUNCTION:<br><br>1. FALSE DESIGNATION OF ORIGIN (15. U.S.C. 1125(a))<br>2. COMMON LAW TRADEMARK INFRINGEMENT<br>3. COMMON LAW UNFAIR COMPETITION<br><br>REQUEST FOR JURY TRIAL |

///
///
///

COMPLAINT FOR DAMAGES AND INJUNCTION

Plaintiff San Antonio Winery, Inc., through its attorneys Cislo & Thomas LLP, alleges as follows:

## THE PARTIES

1. Plaintiff San Antonio Winery, Inc. ("Plaintiff" or "San Antonio") is a corporation duly organized and existing under the laws of the State of California and has its principal place of business within the City and County of Los Angeles in the State of California.

2. Upon information and belief, and according to the Nevada Secretary of State, F.E. Brands, LLC is a Nevada limited liability company having an address of 880 Northwood Blvd., Ste. 2, Incline Village, NV 89451. FE Brands is the record owner of U.S. Trademark Application Serial No. 97298331 (the "'331 Application) for the mark "NINETEEN SEVENTEEN" for use in connection with wines.

3. Upon information and belief, and according to the California and Nevada Secretary of State databases, Defendant Fairwinds Estate Winery, LLC is a limited liability company organized under the laws of Nevada, and having an address of 4550 Silverado Trail, N. Calistoga, California 94515. On further information and belief, FE Brands LLC has licensed the NINETEEN SEVENTEEN mark to Defendant Fairwinds Estates Winery LLC, as this company is using the applied-for "NINETEEN SEVENTEEN" trademark. Collectively FE Brands LLC and Fairwinds Estate Winery LLC are hereinafter referred to as "Fairwinds Brands."

4. The true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff and therefore Plaintiff sues these Defendants by these fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

5. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those Defendants.

6. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned in this Complaint, Defendant and Does 1-10 (collectively, the "Defendants") were the agents, servants and employees of their Co-Defendants, and in doing the things set forth in this Complaint were acting within the scope of their authority as such agents, servants and employees, and with the permission and consent of their Co-Defendants. Moreover, Plaintiff is informed and believes, and on that basis alleges, that each Defendant ratified the acts of his/her/its Co-Defendants, as more particularly alleged in this Complaint.

## JURISDICTION AND VENUE

7. The Court has original jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) in that this case arises under the trademark laws of the United States, 15 U.S.C. §§ 1051, et seq. This Court also has original jurisdiction over this action under 15 U.S.C. § 1338(b) in that it asserts a claim for unfair competition that is joined with a substantial and related trademark claim. This Court has supplemental jurisdiction over the non-federal claims set forth herein under 28 U.S.C. § 1367 in that those claims are so related to the federal claims that they form part of the same case or controversy.

8. This Court has personal jurisdiction over Defendant Fairwinds Brands and venue is proper in this district under 28 U.S.C. §1391(b) and (c)(3) in that a substantial part of the events giving rise to the within claims occurred in this judicial district, and FE Brands LLC has licensed its applied-for trademark to Fairwinds Estate Winery LLC, which is located in California and is regularly conducting business in this district.

## SAN ANTONIO AND 1917

9. San Antonio is a family-owned corporation that is engaged in, among other things, the production, sale and international distribution of wines. It has been in business in Los Angeles for over a century. Its wines have won numerous wine competition awards. Some of its estate wines are San Simeon®, Opaque®,

Maddalena® and Bodega de San Antonio®.

10. Since its founding by an Italian immigrant in 1917, the winery has persevered through prohibition, the Great Depression, and World War II to become one of the most awarded wineries in California with locations in Monterey, Paso Robles and Napa Valley, with four generations of family contributing to the company's success including, being honored as the American Winery of the Year in 2018 by Wine Enthusiast.

11. On or about December 16, 2004, San Antonio began placing the mark "1917" on labels for its STELLA ROSA® brand of wines, hereinafter referred to as the "1917 Mark."

12. STELLA ROSA has become one of the winery's more famous brands since its launch. To date, San Antonio Winery's total sales of wines under the Stella Rosa Marks is close to one billion dollars. For example, sales of Stella Rosa wine in 2019 bearing the 1917 Mark were in excess of $220,000,000 and according to data from Nielsen, STELLA ROSA is the number one Italian imported wine in the United States[1]. Stella Rosa is now the top-imported brand in the United States, according to the American Association of Wine Enthusiasts.

13. "1917" is also used in marketing and advertising materials for San Antonio's wines as shown below.



---

[1] (Nielsen Total Wine – L52w ending 6/18/19 – Total US xAOC (750ml))

14. And over the past decade industry retailers and consumers have come to associate "1917" with San Antonio Winery. For example, attached is a screenshot from Vivino, an online marketplace for wines. See https://www.vivino.com/US/en/stella-rosa-red/w/2974811?year=1917



15. In 2014, the company launched a centennial wine bearing 1917.



16. And San Antonio Winery also owns and operates a wine bar and bistro in Los Angeles called "THE 1917".



17. San Antonio's 1917 Mark has acquired distinctiveness and secondary meaning due to the winery's long term and widespread use of the mark "1917" in connection with its goods and services.

18. San Antonio owns U.S. Application Serial No. 97668549 for the mark "1917" for use in connection with alcoholic beverages except beer. The company also owns U.S. Application Serial No. 97670495 for the mark "THE 1917" for use in connection with restaurant and bar services and U.S. Registration No. 4235126 for the mark "IL CONTE 1917."

19. San Antonio has used the 1917 Mark as a trademark to identify its goods and to distinguish them from the goods and services made and sold or offered by others by, among other things, displaying the mark on its products, on its Internet websites and on advertising materials promoting its goods.

20. The presence of the 1917 Mark on San Antonio's goods indicates to the public that goods provided under the 1917 Mark originate with, or are provided by, San Antonio. San Antonio adheres to strict quality standards in the manufacture of its wines. Thus, the consuming public has come to associate the 1917 Mark with wines and other services of high quality. As a consequence of all of the foregoing, the San Antonio 1917 Mark has attained considerable value and the goodwill associated with them represents a valuable business asset.

## THE DEFENDANTS' ACTIVITIES

21. According to the Trademark Office records, Defendant FE Brands LLC owns pending U.S. Trademark intent-to-use application serial no. 97298331 for the mark "NINETEEN SEVENTEEN" for use in connection with wine; wines and sparkling wines; red wine; rose wines; sparkling wines; and white wines.

22. The Trademark Office has refused registration of this mark, issuing an office action on September 28, 2022, requiring the Applicant to provide an explanation of the applied-for mark's significance. To date, no response has been filed.

23. On information and belief, Defendant Fairwinds Winery Estate is operating as a d/b/a under the name "Fairwinds Brands" and owns the website located at https://fairwindsbrands.com/. According to the website Fairwinds Brands "offers organizations a unique engagement revenue-share model that leverages sophisticated story-telling via a subscription wine club and lifestyle brand."

24. One of the organizations Fairwinds Brands appears to have a partnership with is the sorority Sigma Delta Tau. The Sigma Delta Tau website is located at https://1917napa.com/.



25. On information and belief, Defendant Fairwinds Brands in partnership with Sigma Delta Tau is using the mark "NINETEEN SEVENTEEN" that is owned by F.E. Brands LLC in commerce in connection with wines. If this matter cannot be resolved promptly, Plaintiff will seek to add Sigma Delta Tau as a named defendant. For clarity, Plaintiff does not object to Defendants' use of 1917 descriptively; Plaintiff objects to use of 1917 as a trademark and/or domain name.

26. The domain uses the numeric mark "1917" and the website pages prominently display the mark "NINETEEN SEVENTEEN" in several locations, and states in pertinent part, "we invite Sigma Delta Tau alumnae to share a glass of 1917 Napa Valley wine, SDT's new signature wine collection. 1917 Napa Valley is available exclusively for Sigma Delta Tau sisters through our Nineteen Seventeen

Wine Club." See https://1917napa.com/. The website further offers various wines that are available for members.

27. Defendants' use of the marks "1917" and "NINETEEN SEVENTEEN" was long after Plaintiff San Antonio Winery's first use and adoption of the 1917 Mark in connection with its goods and services.

28. Defendants' use of marks that are identical to San Antonio's 1917 Mark in connection with identical goods is likely to cause consumer confusion in that consumers may believe there is an association between Defendants and San Antonio which is false and misleading.

29. Further allowing a third party to trade unfairly on San Antonio's goodwill in and to its 1917 Mark is damaging to San Antonio and harmful to its reputation. By reason of Defendants' acts, as alleged herein, San Antonio Winery has suffered damage to its business, reputation and goodwill.

30. Defendants' acts have caused and will continue to cause irreparable and immediate injury to San Antonio for which San Antonio has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing its unauthorized use of "1917" and "NINETEEN SEVENTEEN" these injuries will continue to occur.

31. Through counsel, Plaintiff sent two (2) letters notifying Defendants of San Antonio's (a) rights in and to the 1917 Mark and (b) objections to Defendants' use of the marks "1917" and "NINETEEN SEVENTEEN". Thus, the continued use by Defendants of these marks is fraudulent and oppressive willful trademark infringement.

## FIRST CLAIM FOR RELIEF

**(For False Designation of Origin – 15 U.S.C. §1125(a))**

32. San Antonio repeats and re-alleges paragraphs 1 through 31 as though fully set forth in this paragraph.

33. The San Antonio 1917 Mark is owned by San Antonio and San Antonio has continuously used it in commerce for many years. San Antonio has not

authorized or consented to Defendants' use of the 1917 Mark or of any similar marks or names in connection with its products or services.

34. Defendants' actions, as alleged above, are likely to cause confusion, mistake or deception as to the affiliation, connection or association of the Defendants with San Antonio, or as to the origin, sponsorship or approval of Defendants' products or services by San Antonio in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. Defendants' acts have caused and will continue to cause irreparable and immediate injury to San Antonio for which San Antonio has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing its unauthorized use of the Stella Rosa Marks these injuries will continue to occur.

## SECOND CLAIM FOR RELIEF
### (For Common Law Trademark Infringement)

36. San Antonio repeats and re-alleges paragraphs 1 through 31 and 33 through 35 as though fully set forth in this paragraph.

37. On information and belief, the Defendants' actions, as described above, constitute conduct that is so careless as to indicate a wanton disregard for the intellectual property rights of San Antonio. Further, the Defendants' acts, as alleged above, constitute trademark infringement in that they have been undertaken with a conscious disregard of San Antonio's intellectual property rights and with a desire to injure San Antonio's business and to improve its own.

## THIRD CLAIM FOR RELIEF
### (Common Law Unfair Competition)

38. San Antonio repeats and re-alleges paragraphs 1 through 31, 33 through 35, and 37 as though fully set forth in this paragraph.

39. The above-described acts of Defendants constitute common law unfair competition in that Defendants are attempting to pass off its goods and services as those of San Antonio. Such acts have caused and will continue to cause irreparable

and immediate injury to San Antonio for which San Antonio has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

## PRAYER FOR RELIEF

WHEREFORE, San Antonio prays for relief as follows:

1. For an order permanently enjoining Defendants and Defendants' officers, agents, employees and representatives, and all those acting in concert or conspiracy with it from:

   a. Using as a trademark, any mark or designation, or any domain name that makes use of the 1917 Mark or any permutation of that term including 1917 and NINETEEN SEVENTEEN, whether alone or in combination with other words, characters or symbols, as a trademark or domain name, in connection with the sale, offer for sale, promotion or advertising of alcoholic beverages;

   b. Instructing or directing any third parties to prepare any print and/or electronic publications, advertising, flyers, containers, labels or packaging bearing the 1917 Mark or any permutation of that term including 1917 and NINETEEN SEVENTEEN, whether alone or in combination with other words, characters or symbols for use in connection with the sale, offer for sale, promotion or advertising of alcoholic beverages, as a trademark or domain name;

   c. Imitating, copying, making unauthorized use of, or otherwise infringing, Plaintiff's rights in and to the 1917 Mark;

3. For a monetary award in favor of San Antonio in an amount equal to Defendants' profits arising from the acts alleged above, such damages and profits to be trebled under 15 U.S.C. § 1117(a);

5. For a finding that this is an exceptional case within the meaning of, and for an award of attorneys' fees pursuant to, 15 U.S.C. § 1117(a);

6.    For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law;

7.    For an award of costs under 15 U.S.C. § 1117(a), or as otherwise provided by law;

8.    Order Defendant FE Brands LLC to abandon U.S. Trademark Application Serial No. 97298331 for the mark "NINETEEN SEVENTEEN" or any registration issuing therefrom;

9.    Order the U.S. Trademark Office to not issue a registration for U.S. Trademark Application Serial No. 9729833, or if a registration has issued therefrom, to cancel the registration;

10.    For exemplary and punitive damages; and

11.    For such other and further relief as the court deems just and proper.

Respectfully submitted,

CISLO & THOMAS LLP

DATED: February 14, 2023    By: /s/Jeffrey G. Sheldon
    Jeffrey G. Sheldon

Attorneys for Plaintiff,
SAN ANTONIO WINERY, INC.

## **REQUEST FOR JURY TRIAL**

San Antonio requests a trial by jury of all which may properly be tried to a jury.

Respectfully submitted,

CISLO & THOMAS LLP

DATED: February 14, 2023       By: /s/Jeffrey G. Sheldon
                                                 Jeffrey G. Sheldon

Attorneys for Plaintiff,
SAN ANTONIO WINERY, INC.